UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVERON MURPHY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES of AMERICA, )<br>)<br>Defendant. )<br>)<br>) | Case No. 3:08-cv-00745-JPG-DGW |

**MEMORANDUM AND ORDER**

Now pending before the Court is the Defendant United States of America's Motion to Dismiss Plaintiff Deveron Murphy's claim for medical malpractice (Doc. 10).

**FINDINGS OF FACT**

Plaintiff, currently an inmate in the United States Penitentiary at Marion, Illinois ("USP-Marion"), filed his complaint on October 22, 2008 (Doc. 1), alleging claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2617-2680. Plaintiff alleges that on June 18, 2007, he was jogging in the recreation yard at USP-Marion when he tripped over a large pothole and fell, causing permanent damage to his left ankle (Doc. 1, p. 2). Plaintiff alleges that the pothole was not marked or covered (Doc. 1, p. 2). He further alleges that he received insufficient medical treatment for his injury (Doc. 1, p. 2).

The United States of America ("Defendant") filed the instant Motion to Dismiss the Plaintiff's Medical Malpractice Claim (Doc. 10) on November 30, 2009. In lieu of an answer, Defendant moves for dismissal of the claim pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff did not file with his complaint a certificate of merit as required by 735 Ill. Comp. Stat. 5/2-622. In response, Plaintiff concedes that he did not file a certificate of merit as required by § 2-622,

and that as a result of this shortcoming, his medical malpractice claim should be denied without prejudice (Doc. 12). Plaintiff asks, however, for injunctive relief in the form of a court order compelling the Federal Bureau of Prisons ("BOP") to transport him within a reasonable time to an outside physician of his choosing for the purposes of conducting an examination and obtaining an affidavit to supplement his complaint. He asks, alternatively, for leave to amend his complaint to include a claim of denial of access to the courts based on the BOP's failure to assist him in obtaining the affidavit (Doc. 12). The United States has filed a reply to the Plaintiff's response, challenging the viability of and lack of authority behind Plaintiff's request to see an outside physician (Doc. 15).[1]

### CONCLUSIONS OF LAW

On a defendant's motion to dismiss, all facts in the complaint are accepted as true. *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639 (7th Cir. 2008). A complaint by a *pro se* plaintiff is to be construed more liberally than one prepared by counsel. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). A mere recitation of the elements of the cause of action is insufficient. *Id*. The pleading must contain factual allegations that "raise the right to relief above the speculative level." *Id*. at 555.

---

[1] The Defendant construed Plaintiff's complaint as raising two distinct claims: one for medical malpractice, the other for premises liability. The Defendant filed an answer to the premises liability claim (Doc. 11) and does not seek dismissal of that claim in this motion.

*Failure to File Certificate of Merit for Medical Malpractice in Illinois*

Cases brought under the FTCA are governed by the substantive law of the place where the alleged acts or omission constituting negligence occurred. *See* 28 U.S.C. §§ 1346(b), 2674; *Richards v. United States*, 369 U.S. 1, 10 (1962); *Bowen v. United States*, 570 F.2d 1311, 1315-16 (7th Cir. 1978). Because the facts underlying Plaintiff's claim occurred at USP-Marion, Illinois law supplies the substantive rule.

Illinois law requires plaintiffs making a claim of medical malpractice to consult with a health professional who will certify that the claim has merit. 735. Ill. Comp. Stat. 5/2-622. This requirement takes the form of an affidavit and certificate of merit that must be filed with the complaint. *Id*. at § 2-622(a). The affidavit must state that "plaintiff's attorney, or the plaintiff, if the plaintiff is proceeding *pro se*" has consulted with a qualified health professional and the health professional believes that the claim has merit. *Id*. The certificate is the health professional's written report that "there is a reasonable and meritorious cause for filing of [the] action." *Id*. The failure to file the affidavit and certificate with a pleading is grounds for dismissal of the claim. *Id*. at §§ 2-622(g), 2-619.

The prevailing rule in this Court and elsewhere in the Seventh Circuit is that the §2-622 certificate of merit requirement is a substantive rule of Illinois law for purposes of claims brought under the FTCA. *See Shank v. United States*, No. 08-cv-214-JPG-PMF, 2008 WL 4671735 (S.D. Ill. Oct. 21, 2008) (dismissing FTCA survival action without prejudice to allow plaintiff to refile with the § 2-622 affidavit); *Salsman v. United States*, No. 03-cv-140-MJR, 2005 WL 2001320 (S.D. Ill. Aug. 19, 2005) (dismissing FTCA claim for failure to file a § 2-622 affidavit); *see also Chenoweth v. Webster,* No. 04-cv-1185, 2006 WL 771193 (C.D. Ill. Mar. 24, 2006) (applying § 2-622 to an FTCA action); *Merrit v. Zollar*, No. 95 C 2470, 1995 WL 263425 (N.D. Ill. 1995)

(dictum) (same). This view is based on the Seventh Circuit's implicit application of the §2-622 requirement to a supplemental state law claim in *Sherrod v. Lingle,* 223 F.3d 605 (7th Cir. 2000). *Salsman*, 2005 WL 2001320 at *5. This Court has further reasoned that § 2-622 is a substantive rule for application in federal courts because it is "limited to a particular area of law and motivated by concerns about the potential impact on primary behavior . . . of making it too easy for plaintiffs to win a particular case." *Shank,* 2008 WL 4671735, at *2; *Salsman*, WL 2001320, at *5 (quoting *Murrey v. United States*, 73 F.3d 1448, 1456 (7th Cir. 1996)). *See also S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995).

Dismissal for failure to comply with § 2-622 is mandatory, but whether to dismiss with or without prejudice is within the discretion of the Court. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000); *McCastle v. Sheinkop*, 520 N.E.2d 293, 296 (Ill. 1987). Because Plaintiff has failed to file an affidavit and certificate of merit, the current medical malpractice claim will be dismissed. 735 Ill. Comp. Stat. 5/2-622(g). Allowing Plaintiff leave to refile with a certificate of merit, however, if he is able to secure one, does not undercut the purpose of § 2-622, which is to reduce the cost of frivolous lawsuits. *McCastle*, 520 N.E.2d at 296; *see also Common v. West Suburban Hosp. Med. Ctr.*, 704 N.E.2d 731, 739 (Ill. App. Ct. 1998) ("[A] sound exercise of discretion mandates that [Plaintiff] be at least afforded an opportunity to amend [the] complaint to comply with section 2-622 before [the] action is dismissed with prejudice.").

With the above in mind, the Court will reserve ruling on Defendant's Motion to Dismiss the Plaintiff's Medical Malpractice Claim until Plaintiff is afforded an additional opportunity to obtain the requisite affidavit.

*Plaintiff's Request for Injunctive Relief*

In response to Defendant's motion to dismiss, Plaintiff requests that the Court order the BOP to transport Plaintiff within a reasonable time to an outside physician of Plaintiff's choosing for the purposes of conducting the requisite medical examination and preparing the § 2-622 affidavit (Doc. 12). Plaintiff points out that he faces practical problems as a prison inmate in obtaining an affidavit of merit and written report. The Court does not believe it necessary, however, for Plaintiff to be physically examined by the doctor who writes the report. *See Marburger v. United States*, No. 08-cv-529-GPM, 2009 WL 2240866 (S.D. Ill. Jul., 24, 2009) (dismissing without prejudice prison inmate's FTCA medical malpractice claim for failing to attach an affidavit and certificate of merit, while recognizing that it was unnecessary for the inmate to be transported outside the prison for a medical examination).

In order to establish that he is entitled to a preliminary injunction, a plaintiff must show (1) some likelihood of success on the merits of the claim, (2) that no adequate remedy at law exists, and (3) that he will suffer irreparable harm if the injunction is not granted. *See Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895-896 (7th Cir. 2001); *see also Abbott Labs. v. Mead Johnson & Co.* 971 F.2d 6, 11 (7th Cir. 1992). If the three conditions are met to the court's satisfaction, then the court must weigh the harm that the nonmoving party will suffer if preliminary relief is granted against the harm the moving party will suffer if relief is denied. *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994). Finally, the court must consider the public interest in denying or granting the injunctive relief. *Id.* Generally, in civil actions challenging prison conditions, any "injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm." 18 U.S.C. §3626(a)(2).

Plaintiff does not convince the Court how an actual medical examination at this point, two years removed from his fall, will shed any light on whether Defendant was medically negligent. Further, nothing prevents Plaintiff from requesting a copy of his medical records and mailing them to a physician of his choosing. Since §2-622 requires only an affidavit from a medical professional indicating that the case has merit, a record review should be sufficient. Plaintiff has not shown that an outside physician was unable to determine, in the absence of an examination, whether Plaintiff's case has merit. At this point, Plaintiff has adequate options available to further his claim and obtain the requisite affidavit, and has not demonstrated that he is likely to suffer irreparable harm in the absence of a preliminary injunction. Therefore, Plaintiff's request for transport to an outside physician to obtain the §2-622 affidavit is **DENIED**.

*Plaintiff's Request for Leave to Amend Complaint*

In Plaintiff's response to Defendant's motion to dismiss, Plaintiff moves, alternatively, for this Court to allow Plaintiff to amend his complaint to include the constitutional tort of denial of access to the courts by Defendants (Doc. 12). Plaintiff argues that should the BOP refuse to allow Plaintiff outside access to a medical professional to obtain the affidavit, he should be allowed to amend his complaint to include the claim of denial of access to the courts because, he argues, the BOP is effectively blocking him from litigating his case.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d

6

at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992). That means that an actual detriment must exist as a result of illegal conduct that affects litigation. Regardless of the length of alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992).

While dismissal of Plaintiff's claim for failure to file an affidavit is clearly a detriment to the litigation of his medical malpractice claim, Plaintiff does not identify nor has the Court found any legal authority that imposes a duty upon prison officials to transport inmates to private physicians to obtain a §2-622 or similar affidavit. As noted above, Plaintiff has other means by which to obtain the report and affidavit. Requiring prison officials to provide such a service to inmates seeking to file medical malpractice claims is not the least obtrusive means necessary to correct the harm.

Further, this action is brought under the FTCA. Claims of denial of the constitutional right of access to the courts are not properly raised in an FTCA suit. If Plaintiff wishes to file an access-to-courts claim he must do so in another lawsuit where he may appropriately challenge violations of a constitutional dimension. Accordingly, Plaintiff's request to amend the complaint in this respect is **DENIED.**

## CONCLUSION

Based on all the foregoing, the Court **RESERVES RULING** on the Motion of the United States to Dismiss Plaintiff's Medical Malpractice Claim (Doc. 10). Further, the Court **ORDERS** that Plaintiff shall have up to and including October 22, 2010, to file an amended complaint with

the appropriate documents attached. If Plaintiff does so, said motion shall be denied as moot. If he does not, said motion shall be granted.

**IT IS SO ORDERED.**
**DATED: August 19, 2010**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**