IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVERON MURPHY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: **3:08-cv-00745-JPG-PMF** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Defendant. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Defendant United States of America's ("Defendant") Motion for Summary Judgment on the Plaintiff's Medical Malpractice Claim (Doc. 23). Plaintiff has failed to file a response to the Defendant's motion.

For the following reasons, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 23) be **GRANTED**.

## BACKGROUND

Plaintiff, currently an inmate in the United States Penitentiary at Marion, Illinois ("USPMarion"), filed his complaint on October 22, 2008 (Doc. 1), alleging claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. Plaintiff alleges that on June 18, 2007, he was jogging in the recreation yard at USP-Marion when he tripped over a large pothole and fell, causing permanent damage to his left ankle (Doc. 1, p. 2). Plaintiff alleges that the pothole was not marked or covered (Doc. 1, p. 2). He further alleges that he received insufficient medical treatment for his injury (Doc. 1, p. 2).

Defendant filed a Motion to Dismiss the Plaintiff's Medical Malpractice Claim (Doc. 10) on November 30, 2009. In that motion, the Defendant argued that the Plaintiff's medical

1

malpractice claim must be dismissed because the Plaintiff had failed to attach a certificate of merit as required by 735 ILCS § 5/2-622.  On August 19, 2010, the Court reserved ruling on the Defendant's Motion to Dismiss the Plaintiff's Medical Malpractice Claim and afforded the Plaintiff an additional opportunity to obtain the certificate of merit (Doc. 18).  Plaintiff ultimately filed a certificate of merit on November 30, 2011 (Doc. 27), and the Court denied as moot Defendant's Motion to Dismiss on December 3, 2010 (Doc. 28).

The original discovery deadline in this case was set for August 30, 2010, and the dispositive motions deadline was set for September 30, 2010 (Doc. 16).  The Defendant filed its Motion for Summary Judgment on the Plaintiff's Medical Malpractice Claim (Doc. 23) on September 29, 2010.  Plaintiff was granted two extensions of time to complete discovery in this case, extending the deadline to complete discovery from August 30, 2010 to February 1, 2011 (Doc. 25, 34).

Plaintiff did not file a response to Defendant's Motion for Summary Judgment on the Plaintiff's Medical Malpractice Claim.  On January 11, 2011, Plaintiff was ordered to show cause by January 24, 2011 as to why judgment should not be entered in Defendant's favor for his failure to timely respond to Defendant's Motion for Summary Judgment on the Plaintiff's Medical Malpractice Claim (Doc. 36).  Plaintiff did not respond to the order to show cause.

## APPLICABLE LAW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences

in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. In order to defeat summary judgment, the nonmoving party must do more than raise a metaphysical doubt as to the material facts. Instead, he "must come forward with specific facts showing that there is a genuine issue for trial." *Keri v. Board of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006), *cert. denied*, 549 U.S. 1210, 127 (2007), *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323.

## ANALYSIS

In making its recommendation on the Defendant"s Motion for Summary Judgment, the Court will discuss the following three issues: 1) whether expert testimony is required to prove Plaintiff"s medical malpractice allegations, 2) the effect of Plaintiff"s failure to respond to the Defendant"s Motion for Summary Judgment, and 3) whether the certificate of merit filed by the Plaintiff in this case creates a genuine issue of material fact.

1. **Expert Testimony**

The Defendant asserts in its motion for summary judgment that expert testimony is required to prove Plaintiff"s medical malpractice claim (Doc. 23, p. 4). Cases brought under the FTCA are governed by the substantive law of the place where the alleged acts or omission constituting negligence occurred. *See* 28 U.S.C. §§ 1346(b), 2674; *Richards v. United States*, 369 U.S. 1, 10 (1962); *Bowen v. United States*, 570 F.2d 1311, 1315-16 (7th Cir. 1978). In order for a Plaintiff to succeed in a negligence medical malpractice case in Illinois, where the alleged facts occurred in this case, the Plaintiff must prove 1) the proper standard of care against which the defendant physician's conduct is measured, 2) an unskilled or negligent failure to comply with

the applicable standard, and 3) a resulting injury proximately caused by the physician's want of skill or care. *Purtill v. Hess*, 489 N.E.2d 867, 872 (Ill. 1986) (citing *Walski v. Tiesenga*, 381 N.E.2d 279 (Ill. 1978); *Borowski v. Von Solbrig*, 328 N.E.2d 301 (Ill. 1975)).  "Unless the physician's negligence is so grossly apparent or the treatment so common as to be within the everyday knowledge of a layperson, expert medical testimony is required to establish the standard of care and the defendant physician's deviation from that standard." *Id.*

In this case, the Plaintiff has not come forward with facts that would lead the Court to conclude that the Defendant's negligence was so grossly apparent or the treatment so common as to be within the everyday knowledge of a layperson.  Even if the Plaintiff were to provide such facts, the Court does not believe that the standard of care for the type of injuries that Plaintiff alleges[1] would be apparent to a layperson. *See, e.g., Addison v. Wittenburg*, 529 N.E.2d 552, 557 (Ill. 1988) (finding the expert testimony was necessary for a neck fracture).  Nothing in the record leads the Court to conclude that the type of the injury that the Plaintiff is required to prove in this case would not require expert medical testimony to prove the necessary elements of negligent medical malpractice.

2. **Plaintiff's Lack of Response to Defendant's Motion for Summary Judgment**

Next, the Court must consider how Plaintiff's lack of response to the Defendant's motion for summary judgment will be treated.  The Defendant filed its motion for summary judgment on September 29, 2010 (Doc. 23).[2]  The nonmoving party typically has 30 days to respond to

---

[1] Plaintiff has alleged that he suffered permanent injuries to his ankle, including "a fracture to his medial malleous" (Doc. 1, p. 2).  Plaintiff further alleges that he suffers pain in his injured leg, ankle, and foot that has impaired his motion and strength in his ankle support, and Plaintiff asserts that he is "permanently disfigured" (Doc. 1, p. 2).  According to the Plaintiff, x-rays were required to examine the extent of the injury (Doc. 26, 30).

[2] On the same day, the Defendant sent notice to the pro se Plaintiff of the consequences for failing to respond to a motion for summary judgment (Doc. 24).

motion for summary judgment. *See* SDIL-LR 7.1(c)(1).  No response was ever filed in this case.  On January 11, 2011, the Plaintiff in this case was ordered to show cause as to why judgment should not be entered in favor of defendants for failing to respond to the defendant‟s motion for summary judgment (Doc. 36).  The Plaintiff similarly ignored that order.

The Court may construe Plaintiff‟s failure to respond to Defendant‟s motion for summary judgment as an admission to the merits of Defendant‟s motion. *See* Fed. R. Civ. P 56(e)(2) (If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact…, the court may…consider the fact undisputed for purposes of the motion); SDIL-LR 7.1(c) (providing that failure to file a timely response to a motion for summary judgment can be considered an admission on the merits of the motion).  The Court may also grant summary judgment for the moving party if the motion and supporting materials, including the facts considered undisputed, show that the movant is entitled to it. Fed. R. Civ. P 56(e)(3).[3]

The Defendant argues that it is entitled to summary judgment on the grounds that Plaintiff has failed to disclose any expert testimony that would establish any alleged failure by the Defendant to comply with the standard of care that proximately caused an injury to the Plaintiff (Doc. 23, p. 4-5).  In support of its position, the Defendant attached a deposition of the Plaintiff on August 30, 2010 in which the Plaintiff admitted that he had not discussed his injury with any outside physician (Doc. 23-1, p. 3).  The Court recognizes that the deadline for

---

[3] The Defendant cites to a prior version of Rule 56 of the Federal Rules of Civil Procedure in its memorandum in support of its motion (Doc. 23, p.3) that was in effect when the Defendant filed its motion. *See* Fed. R. Civ. P. 56 (West Sept. 2010).  In ruling on Defendant‟s motion, however, the Court utilizes the present version of Rule 56. *See* Fed. R. Civ. P. 56 (West 2011*); see, e.g., Galvan v. Krueger*, 2011 WL 111576 (N.D. Ill. Jan 13, 2011) (applying Rule 56 retroactively and citing *Long v. Simmons,* 77 F.3d 878, 879 (5th Cir. 1996) (stating that, "[a]mendments to the Federal Rules of Civil Procedure should be given retroactive application ‚to the maximum extent possible.‛)). The main difference for this case between the two versions of Rule 56 is that the new version of the rule removes explicit language disallowing the nonmoving party to rely solely on allegations or denials in its own pleadings.

5

discovery in this case was extended several times and ultimately the final deadline terminated on February 1, 2011 (Doc. 34). However, the failure of Plaintiff to respond to the Defendant"s motion leads the Court to conclude that the Plaintiff has failed to disclose the existence of planned expert testimony during discovery to prove his case as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(2). The only document that could be loosely related to expert testimony is the certificate of merit filed by Plaintiff on November 30, 2010 (Doc. 27), which will be discussed below.

### 3. Certificate of Merit

A certificate of merit is an Illinois pleading requirement that certifies that a plaintiff"s complaint has at least some merit in a medical malpractice lawsuit. "To minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint." *Sherrod v. Lingle*, 223 F.3d 605, 613-14 (7th Cir. 2000); *see* 735 ILCS § 5/2-622 (West 2008) (citing *id*; *McCastle v. Sheinkop*, 520 N.E.2d 293, 294 (Ill. 1987)). The certificate of merit attests that a medical malpractice complaint alleges a "minimum amount of merit" to survive a motion to dismiss, but does not attest to the likelihood of success in the underlying case. *See Sherrod,* 223 F.3d at 613-14 (*citing Cammon v. West Suburban Hosp. Med. Ctr.*, 704 N.E.2d 731, 738-39 (Ill. App. Ct., 1st Dist. 1998); *Mueller v. North Suburban Clinic, Ltd.*, 701 N.E.2d 246, 250 (Ill. App. Ct., 1st Dist. 1998)); *Steinberg v. Dunseth*, 658 N.E.2d 1239, 1248 (Ill. App. Ct., 4th Dist. 1995) (describing the certificate of merit as a "ticket" which a plaintiff must possess to file a malpractice complaint and suggesting that the certificate is no longer relevant for summary judgment and trial purposes). In fact, the certificate of merit in this case afforded the Plaintiff the opportunity to survive the Defendant"s motion to dismiss (Doc. 10, 28). The certificate of merit may attest to a minimum amount of

merit for Plaintiff's claim, but the document cannot be considered a Rule 26(a)(2) disclosure of expert testimony because, among other reasons, there is no indication that the physician providing the opinion would testify at trial. *See* Fed R. Civ. P 26(a)(2).

Even considering the entire record most strictly against the Defendant and liberally in favor of the Plaintiff, the Court cannot conclude the certificate of merit, by itself, is sufficient to create a genuine issue of material fact to avoid summary judgment. *See, e.g., Sullivan v. Edward Hosp.,* 806 N.E.2d 645, 656 (Ill. 2004) (providing that the certificate of merit constitutes only a threshold opinion and has no bearing on the type of evidence relied upon at trial); *Forsberg v. Edward Hosp. and Health Services*, 906 N.E.2d 729, 734-35 (Ill. App. Ct., 2d Dist. 2009) (finding a certificate of merit inadmissible in opposition to defendant's motion for summary judgment). Having found that expert testimony is required to prove the Plaintiff's case and that Plaintiff has failed to disclose the existence of any such testimony, the Court finds that there is no genuine issue as to any material fact and that the Defendant is entitled to a judgment as a matter of law.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Defendant's Motion for Summary Judgment (Doc. 23) be **GRANTED**, and that judgment be entered in favor of Defendant on the Plaintiff's medical malpractice claim.

**SO RECOMMENDED.**

DATED: **February 15, 2011.**

> */s/ Philip M. Frazier*
> HON. PHILIP M. FRAZIER
> UNITED STATES MAGISTRATE JUDGE